**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT SIMBA MAKONI, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| COMMANDER JIMMY CARTER | : | CIVIL ACTION NO. |
| CRAWFORD, et al., | : | 1:11-CV-2712-WSD-JFK |
| Defendants. | : | |

**MAGISTRATE JUDGE'S ORDER AND
NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, Robert Simba Makoni, confined in the Burrus Correctional Training Center in Forsyth, Georgia, has filed a *pro se* prisoner civil rights action, and the matter is before the Court on the complaint, as amended,[1] (Doc. No. 11), for screening under 28 U.S.C. § 1915A, and on Plaintiff's motion to reconsider appointment of counsel, (Doc. No. 9).

**I.  28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official

---

[1]Plaintiff's amended complaint replaces and supersedes his original complaint. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by

those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action, originally filed in August 2011, (see Doc. No. 1), against Jimmy Carter Crawford, Sergeant Chukwu, and Deputy S. O. Snipes, all employees of the Fulton County Sheriff's Department at the Fulton County Jail. (Doc. No. 11 ¶ III). Plaintiff alleges that while under Defendants' care at the Fulton County Jail, he was sexually assaulted.[2] (Id. ¶ IV). Plaintiff states that in October 2010 he submitted to a medical test to determine whether he had contracted any infection and that in November 2010 he was informed that he tested positive for HIV and syphilis. Plaintiff complains that, thereafter, Chukwu refused to allow him access to medical care and denied him access to grievance forms and records regarding the assault. Plaintiff complains that Snipes also denied all his medical requests and access to medication for more than twenty-two days and denied his request for grievance forms.[3] Plaintiff contends that, as a result, his infection level increased. Plaintiff asserts that

---

[2]Plaintiff's original complaint states that the assault occurred in February 2009. (Doc. No. 1, Attach. ¶ IV 28).

[3]Plaintiff's original complaint states that he completed his penicillin treatment for syphilis, that he was prescribed medication for HIV, that he did not receive his HIV medication for at least two weeks in January 2011, and that Snipes and Chukwu refused his requests for his HIV medication during that time. (Doc. No. 1, Attach. ¶ IV 53, 59, 62, 78-80).

4

Crawford was the commander of the Fulton County Jail, supervised Chukwu and Snipes, and was responsible for his safety and health. (Id.). Plaintiff seeks an order requiring the Sheriff's Department to investigate and prosecute those responsible for the assault and seeks damages. (Id. ¶ V).

### A. Claim Seeking an Investigation and Prosecution

"It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." Ellen v. Stamm, No. 90-16065, 1991 WL 270788, at *1 (9th Cir. Dec. 19, 1991) (citing, *inter alia*, Maine v. Taylor, 477 U.S. 131, 137 (1986)); Otero v. U.S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (stating, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"). The decision to institute criminal proceedings lies within the discretion of the proper prosecuting authority. See United States v. Nixon, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case").

The decision to prosecute lies with the proper prosecuting authority for Fulton County, and Plaintiff's claim asking the Court to require an investigation and prosecution of those who assaulted him must be dismissed.

5

### B. Claims Against Crawford

A supervisor is liable for the actions of his subordinates under § 1983 only "if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." AFL-CIO v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011). A causal connection is shown if (1) the supervisor is on notice of historical widespread abuse and has not taken corrective action, (2) the supervisor has a custom or policy that resulted in the alleged violation, or (3) "facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

Plaintiff's allegations against Crawford indicate only that he supervised Chukwu and Snipes, which is insufficient to state a claim of supervisory liability against Crawford.

6

### B. Claims Against Snipes and Chukwu

#### 1. The Assault

The Court does not construe Plaintiff's allegations as raising against Snipes and Chukwu a claim regarding the February 2009 assault. In his amended complaint, Plaintiff does not allege that Snipes or Chukwu were aware of, and deliberately indifferent to, a substantial risk of serious harm to Plaintiff from prisoner-on-prisoner violence – as would be necessary to state a claim against Snipes and Chukwu regarding the assault. (Doc. No. 11 ¶ IV). See Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (holding that officers are not liable for prisoner-on-prisoner violence unless they were deliberately indifferent to a known and substantial risk of serious harm to the plaintiff from another inmate). Further, the assault occurred in February 2009, and any claim in regard thereto would be barred by the applicable two-year limitations period. See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (applying Georgia's two-year statute of limitations for personal injury to § 1983 action).

#### 2. Grievance Procedure

A prisoner has no independent constitutional right to the provision of, or proper functioning of, a prison's administrative remedy program. Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) ("[W]e agree with our sister circuits that a prison

7

grievance procedure does not provide an inmate with a constitutionally protected interest[.]"). Here, Plaintiff's allegations that Snipes and Chukwu denied him access to grievance forms does not state a claim because Plaintiff has no constitutionally protected interest in Fulton County Jail's grievance procedure.

### 3. Access to Prison Records of Assault

Plaintiff's claim that Chukwu denied him access to records of the assault fails[4] because an inmate has no constitutional right to inspect his prison records. See Ennis v. Teague, 882 F. Supp. 1023, 1024 (M.D. Ala. 1995) (stating that prisoner had no constitutional right to his prison records) (citing Tarlton v. United States, 430 F.2d 1351, 1351-52 (5th Cir. 1970) ("[P]rison records of inmates are confidential and are not subject to inspection by the public nor the inmate concerned.")).

### 4. Medical Care

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. Bingham, 654 F.3d at 1175 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To show deliberate indifference to a serious medical need, a plaintiff must show (1) an objectively serious medical need and (2) the defendant/official's

---

[4]Plaintiff's brief statement that Chukwu "denied [him] access to the records of the assault," without more, is not construed as a claim under Georgia's Open Records Act, O.C.G.A. § 50-18-70 et seq. (Doc. No. 11 ¶ IV).

8

subjective awareness of a risk of serious harm based on that need and his disregard of that risk with conduct that is more than grossly negligent. Id. at 1176; see also Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (stating that "a claim of deliberate indifference requires proof of more than gross negligence"). HIV presents a serious medical need that, if left untreated, poses a "substantial risk of serious harm." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotation marks omitted) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). Prison officials may manifest deliberate indifference by "intentionally denying or delaying access to medical care . . . or intentionally interfering with treatment once pr[e]scribed." Id. (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 104-05). The complete withdrawal of HIV medication to a prisoner known to have an HIV diagnosis constitutes deliberate indifference. See id. at 1351-52. "'Deliberate indifference' can include 'the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified.'" Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1235 (11th Cir. 2010) (quoting Taylor v. Adams, 221 F.3d 1254, 1259-60 (11th Cir. 2000)). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place

9

verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." McDaniels v. Lee, 405 F. App'x 456, 458-59 (11th Cir. 2010) (internal quotation marks omitted) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994))[5] ("To survive summary judgment, a plaintiff must show that the delay attributable to the defendant's indifference likely caused the plaintiff's injury.").

Plaintiff's claims are construed to allege that Chukwu and Snipes refused to provide him with his prescribed HIV medication for twenty-two days and that the delay caused his infection level to increase. To succeed on his claim, Plaintiff will have to establish that the delay caused him injury. However, for the purpose of preliminary review, his allegations are sufficient to state a claim, and Plaintiff should be allowed to proceed on his individual-capacity damage claims against Chukwu and Snipes.[6] To the extent that Plaintiff intended to bring any claims for equitable relief,

---

[5] Hill has been overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730, 739, n. 9 (2002). McDaniels, 405 F. App'x at 459.

[6] Plaintiff is limited to individual-capacity damages claims. An official liability claim is the same as a claim against the municipality or county and, "[w]hen suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." Cooper v. Dillon, 403 F.3d 1208, 1221 & n.8 (11th Cir. 2005) (citing Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986),

AO 72A
(Rev.8/82)

those claims should be dismissed because such claims become moot when a prisoner is transferred to a different facility, and Plaintiff has been transferred from the Fulton County Jail and is now confined in the Burrus Correctional Training Center in Forsyth, Georgia. See Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."), abrogated on other grounds by Sossamon v. Texas, _ U.S. _, _, 131 S. Ct. 1651, 1657 n.3 (2011).

### III. Motion to Reconsider Appointment of Counsel

Plaintiff again asks that counsel be appointed because his case is complex, Defendants have refused to cooperate in discovery, and he does not have adequate access to legal materials. (Doc. No. 9, Declaration). The Court appoints counsel "only in exceptional circumstances[.]" Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (citing Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992)). The Court does not find any exceptional circumstances. Further, this case has not proceeded past preliminary review; Defendants have not been served; and Defendants are under no obligation to cooperate in discovery at this time. Plaintiff's motion shall be denied.

---

and Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). In his amended complaint, Plaintiff does not allege a policy or custom whereby Chukwu or Snipes can be held liable for official-capacity damage claims.

11

This is Plaintiff's second motion regarding the appointment of counsel, and nothing significant has occurred or changed since the Court addressed Plaintiff's first motion. Plaintiff should avoid filing needless and repetitive motions, which tend to delay the resolution of a case, increase the costs of litigation, and burden the court. See Fed. R. Civ. P. 11(b)(1); Frantz v. U.S. Powerlifting Fed'n, 836 F.2d 1063, 1066 (7th Cir. 1987) (stating that a litigant's "day in court is postponed [when the] judge[] must devote time to needless motions").

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion to reconsider appointment of counsel, (Doc. No. 9), is **DENIED**.

**IT IS RECOMMENDED** that (1) Jimmy Carter Crawford; (2) Plaintiff's claim seeking an investigation and prosecution; (3) all claims regarding the February 2009 assault, grievance procedures, and access to prison records; (4) all claims for injunctive relief; and (5) all damage claims brought against Chukwu and Snipes in their official capacities be **DISMISSED**.

12

**IT IS RECOMMENDED** that Plaintiff's individual-capacity damage claims regarding the denial of medical care in approximately January 2011, brought against Sergeant Chukwu and Deputy S.O. Snipes be **ALLOWED TO PROCEED**.

**IT IS FURTHER RECOMMENDED**, upon the adoption of this Report and Recommendation, that this action be returned to the undersigned for further proceedings, including issuance of an Order regarding service of process.

**IT IS SO ORDERED and RECOMMENDED**, this 8th day of February, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)