# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ROBERT SIMBA MAKONI,** | |
| Plaintiff, | |
| v. | 1:11-cv-2712-WSD |
| **COMMANDER JIMMY CARTER CRAWFORD, et al.,** | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Report and Recommendation ("R&R") [12], following her review of Plaintiff Robert Simba Makoni's ("Plaintiff") complaint, as amended, (the "Amended Complaint") [11] for frivolity pursuant to 28 U.S.C. § 1915A.

## I.     BACKGROUND

Plaintiff currently is confined in the Burrus Correctional Training Center in Forsyth, Georgia and brings this *pro se* prisoner civil rights action against defendants Commander Jimmy Carter Crawford ("Crawford"), Sergeant Chukwu ("Chukwu"), and Deputy S. O. Snipes ("Snipes") (collectively, "Defendants").

The Defendants are employees of the Fulton County Sheriff's Department (the "Sheriff Department"), who work at the Fulton County Jail.

Plaintiff alleges that he was sexually assaulted while under Defendants' care at the Fulton County Jail. (Am. Compl. ¶ IV). In October 2010, he submitted to a medical test to determine whether he had contracted any infections. In November 2010, he was informed that he tested positive for HIV and syphilis. (Id.). On November 16, 2011, Plaintiff filed his Amended Complaint, asserting claims under 42 U.S.C. § 1983.

Plaintiff contends that, from October 2010 to March 2010, he was denied medical care and access to the records of the assault, grievance forms, inmate requests forms, and medical requests forms by Chukwu. (Id.). Plaintiff contends further that, from October 2010 to March 2010, Deputy Snipes denied his requests for grievance and medical request forms for more than twenty-two (22) days. Plaintiff alleges that Defendants' conduct resulted in an increase in his "infections."[1]

Finally, Plaintiff contends that Crawford was responsible for his overall safety and health as the commander of the Fulton County Jail and the supervisor of Chukwu and Snipes. (Id.).

---

[1] Plaintiff has not objected to the facts set out in his R&R and, finding no plain error in them, they are adopted by the Court.

Plaintiff seeks an order requiring the Sheriff's Department to investigate and prosecute those responsible for the assault. (Id. ¶ V). Plaintiff seeks punitive and compensatory damages against Defendants. (Id.).

The Magistrate Judge reviewed Plaintiff's Amended Complaint for frivolity pursuant to 28 U.S.C. § 1915A. The R&R recommends dismissing as frivolous: (1) Plaintiff's claims against Crawford; (2) Plaintiff's claim seeking an investigation and prosecution; (3) Plaintiff's claims regarding the assault, grievance procedures, and access to prison records; (4) all claims for injunctive relief; and (5) all damage claims brought against Chukwu and Snipes in their official capacities. (R&R at 12). The R&R further recommends allowing Plaintiff's individual capacity claims against Chukwu and Snipes, related to their alleged denial of medical care, to proceed. (Id. at 13). Plaintiff has not filed objections to the R&R.[2]

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v.

---

[2] The Court notes that, on February 16, 2012, Plaintiff filed a letter with Court [13] acknowledging his receipt of the R&R and seeking procedural advice.

3

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Plaintiff did not object to the R&R, the Court reviews it for plain error.

The R&R reviews Plaintiff's Amended Complaint for frivolity, as required by 28 U.S.C. § 1915A. A court must review a prisoner's complaint against a governmental entity, or against an officer or employee of a governmental entity, to determine whether the complaint or any claims therein are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. A complaint is frivolous "if it 'lacks an arguable basis either in law or in fact.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). There is no factual basis for a claim if the "factual contentions are clearly baseless." Id. A claim lacks a basis in law when it fails to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

B. Plain Error Review of the R&R

After careful review, the Court finds no plain error in the Magistrate Judge's factual findings or recommendations. The Court agrees with the R&R's recommendation to dismiss as frivolous Plaintiff's claim seeking an investigation and prosecution, of the alleged assault, because those are discretionary decisions that lie solely with the proper prosecuting authority. (See R&R at 5 (citing United

States v. Nixon, 418 U.S. 683, 693 (1974))). The Court further adopts the R&R's recommendation that Crawford be dismissed from this action because Plaintiff's allegation that Crawford supervised Chukwu and Snipes[3] is insufficient to state a claim of supervisory liability under § 1983. (Id. at 6).

Regarding his claims against Chukwu and Snipes, the Court agrees that Plaintiff's claim regarding the alleged assault is frivolous. Plaintiff did not show that Chukwu and Snipes had knowledge and were deliberately indifferent to a substantial risk of serious harm to the Plaintiff from prisoner-on-prisoner violence. The claim is also time-barred by Georgia's two-year statute of limitations for personal injury claims. (Id. at 7). The Court further agrees that Plaintiff's claims regarding the denial of access to the grievance procedure, and the denial of access to the prison records regarding the assault[4] are frivolous because they fail to state any constitutionally protected rights. (See R&R at 7-8).

---

[3] In the absence of allegations of specific wrongful conduct engaged in by Crawford.

[4] Plaintiff's official capacity claims also are required to be dismissed because Plaintiff does not allege that any government policy or custom caused him harm. As the R&R notes, "[a]n official liability claim is the same as a claim against the municipality or county and, '[w]hen suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom.'" (See R&R at 10 (citing Cooper v. Dillon, 403 F.3d 1208, 1221 & n.8 (11th Cir. 1986)).

6

Finally, the R&R recommends allowing Plaintiff's individual capacity claims to proceed. (Id. at 10). The Court agrees that Plaintiff's allegations that Chukwu and Snipes denied Plaintiff's access to medically necessary HIV medication[5] and that the denial increased the effects of his HIV infection are, at this stage of the litigation, sufficient to state claims against Chukwu and Snipes in their individual capacity under the Eight Amendment.

Accordingly, the Court finds no plain error in the R&R's findings of fact and conclusions of law and adopts the recommendation to allow Plaintiff's individual capacity claims, that he was denied medical care by Chukwu and Snipes, to proceed and the recommendation to dismiss Plaintiff's remaining claims.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Janet F. King's Report and Recommendation [12]. Plaintiff's individual capacity damage claims regarding the denial of medical care in approximately January 2011 are **ALLOWED TO PROCEED** against Sergeant Chukwu and Deputy S. O. Snipes. Plaintiff's claim seeking an investigation and prosecution; all claims regarding the February 2009 assault, grievance procedures, and access to prison

---

[5] The Court notes that Plaintiff alleges that he specifically requested his prescribed HIV medication from Chukwu and Snipes. (Am. Compl. ¶ IV).

7

records; all claims for injunctive relief; and all damage claims brought against Sergeant Chukwu and Deputy S. O. Snipes in the official capacities are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A. Commander Jimmy Carter Crawford is **DISMISSED** from this action.

**SO ORDERED** this 27th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE